UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Charles Gallamore and Nicole Gallamore, | Civil Action No.: _____ |
| Plaintiffs, | |
| v. | |
| Accounts Receivable Management, Inc., | **COMPLAINT** <br> JURY |
| Defendant. | |

For this Complaint, the Plaintiffs, Charles Gallamore and Nicole Gallamore, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiffs' personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiffs, Charles Gallamore and Nicole Gallamore ("Plaintiffs"), are adult individuals residing in Dallas, Texas, and are "consumers" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Accounts Receivable Management, Inc. ("ARM"), is a New Jersey business entity with an address of 155 Mid Atlantic Parkway, Thorofare, New Jersey 08086, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

6.      Nicole Gallamore allegedly incurred a financial obligation (the "Debt") to Target (the "Creditor").

7.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.      The Debt was purchased, assigned or transferred to ARM for collection, or ARM was employed by the Creditor to collect the Debt.

9.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     ARM Engages in Harassment and Abusive Tactics**

10.     Within the last year, ARM contacted Plaintiffs in an attempt to collect the Debt.

11. During the initial contact and during each conversation thereafter, Plaintiffs informed ARM that the Debt was in dispute and instructed ARM to cease all collection attempts.

12. Thereafter, ARM continued to contact Plaintiffs at an excessive and harassing rate, sometimes placing up to three (3) calls to Plaintiffs in an attempt to collect the Debt.

13. ARM placed automated calls with pre-recorded voice messages on Charles' cellular phone line in an attempt to collect the Debts.

14. Nicole informed ARM that Plaintiffs had been divorced for two years and according to a divorce decree Charles was responsible for the Debt.

15. ARM, nevertheless, continued to place calls to Nicole at an excessive rate as aforementioned, including contacting Nicole at her place of employment.

16. Nicole informed ARM that calls to her workplace were inconvenient and instructed ARM to cease calling. Thereafter, ARM continued to contact Nicole at her place of employment.

17. When placing calls to Charles, ARM failed to identify the name of the debt collection entity and did so only after Charles' repeated requests.

18. ARM also failed to inform Charles that the communication was an attempt to collect a debt and everything Charles said would be used for that purpose.

19. ARM refused to provide Charles ARM's mailing address despite Charles' numerous requests to do so.

20. On many occasions Charles told ARM he could not engage in personal phone calls while at work and requested that ARM cease calls.

21. ARM, however continued to call Charles while he was at work in an attempt to collect the Debt.

**C.      Plaintiffs Suffered Actual Damages**

22.     The Plaintiffs has suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

23.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I
VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

24.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiffs at a place and during a time known to be inconvenient for the Plaintiffs.

26.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiffs at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

27.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

28.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass.

29.     The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiffs without disclosing the identity of the debt collection agency.

30. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

31. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

32. The Plaintiffs is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
## TEX. FIN. CODE ANN. § 392, et al.

33. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The Plaintiffs are "consumers" as defined by Tex. Fin. Code Ann. § 392.001(1).

35. The Defendants are each a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

36. The Defendants called the Plaintiffs and failed to identify the name of the debt collection agency or the individual debt collector, with the intent to annoy and harass, in violation of Tex. Fin. Code Ann. § 392.302(2).

37. The Defendants caused a telephone to ring repeatedly, with the intent to annoy or abuse the Plaintiffs, in violation of Tex. Fin. Code Ann. § 392.302(4).

38. The Defendants failed to clearly disclose the name of the debt collector or debt collection agency when making a demand for money from the Plaintiffs, in violation of Tex. Fin. Code Ann. § 392.304(4).

39. The Plaintiffs are entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## COUNT III
## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

40. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

42. Texas further recognizes the Plaintiffs' right to be free from invasions of privacy, thus the Defendants violated Texas state law.

43. The Defendants intentionally intruded upon the Plaintiffs' right to privacy by continually harassing the Plaintiffs with numerous calls.

44. The telephone calls made by the Defendants to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the Plaintiffs," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

45. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

46. As a result of the intrusions and invasions, the Plaintiffs are entitled to actual damages in an amount to be determined at trial from the Defendants.

47. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

**COUNT IV**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**
**47 U.S.C. § 227, et seq.**

48.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

49.     Without prior consent the Defendants contacted the Plaintiffs by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

50.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

51.     The Plaintiffs are entitled to damages as a result of the Defendants' violations.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs pray that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);

7. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

8. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiffs;

9. Punitive damages; and

10. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: October 14, 2011

Respectfully submitted,

By: __/s/ Jody B. Burton_____

Jody B. Burton, Esq.
CT Bar # 422773
LEMBERG & ASSOCIATES, L.L.C.
14785 Preston Road, Suite 550
Dallas, Texas  75154

*Counsel To:*
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424